UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **LARRY ANGEL MARTINEZ,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF RIVERSIDE SHERIFF DEPARTMENT, et al.,**<br><br>    **Defendants.** | NO. EDCV 17-331-MWF(AJW)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION WITHOUT PREJUDICE |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C § 1983. On April 14, 2017, the Court issued an order directing plaintiff to sign and file an authorization to disburse funds from his prison trust account to pay the filing fee. [Dkt. 7]. Plaintiff was cautioned that his failure to file a signed authorization form within the time allowed would result in dismissal of this action. Plaintiff's authorization form was due on May 12, 2017. As of the date of this order, plaintiff has neither filed the authorization form nor requested additional time within which to do so.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal. Local R. 41-1; Link v. Wabash R.Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders or rules, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see, e.g., Ferdik, 963 F.2d at 1260-61 (failure to comply with orders); Carey, 856 F.2d at 1441 (failure to comply with local rule). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with court orders or rules, the applicable standard is the same.

In this case, the first, second, and third factors favor dismissal. See Pagtalunan, 291 F.3d at 642 (noting that the first factor – the public's interest in the expeditious resolution of litigation – "always favors dismissal") (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004) (discussing the second factor – the court's need to manage its docket – and stating that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket"); In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (with regard to the third factor – the risk of prejudice – stating that in the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay). Further, plaintiff was warned that his failure to file the signed authorization form would lead to dismissal, so the fourth factor also supports dismissal. See In re PPA Prod. Liability Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").

The fifth factor – the public policy favoring disposition of cases on their merits – weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1452 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation. Further, while the policy favoring disposition of cases on their merits generally cuts against

dismissal, "it does so far less strongly when the relevant dismissal is without prejudice, which, by definition, permits a re-filing within the applicable statute-of-limitations period...." McDermott v. Palo Verde Unified Sch. Dist., 638 Fed. Appx. 636, 638 (9th Cir. 2016).

Consideration of the relevant factors support the conclusion that dismissal is warranted. See Valley Eng'rs Inc. v. Elec.Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

Dismissal under Rule 41(b) may be with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Under the circumstances of this case, dismissal without prejudice is appropriate.

For the foregoing reasons, this action is dismissed without prejudice.

IT IS SO ORDERED.

Dated: May 26, 2017

_____
Michael W. Fitzgerald
United States District Judge